(No. 3594— 

LOUIS EERTMOED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

LOUIS F. KNOBLOCK, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed on March 13, 1941, and the record completed on October 1, 1943.

The claim is for injuries sustained by claimant while employed by the State of Illinois in the Department of Public Works and Buildings, Division of Highways.

Claimant seeks temporary total and total permanent compensation until such time as said payments reach the equivalent of a death award, and thereafter a compensation for life as prescribed by law.

The record consists of the complaint, amendment to complaint, transcript of testimony, claimants' abstract of evidence, report of the Division of Highways, statement, brief and argument of claimant, and the statement and argument on behalf of respondent.

The record shows that claimant, Louis Eertmoed, on March 13, 1940, while employed by respondent in the Division of Highways was engaged in maintenance work spreading cinders upon the icy pavement upon the easterly part of the Cedar Street Bridge over the Illinois River in the City of East Peoria, Tazewell County, Illinois.

The record further shows that claimant was performing duties for which he was employed and that while

doing so the truck upon which claimant was working was involved in an accident with another automobile truck owned by the Derges Bottling Company of the City of Peoria, which truck was being driven by an employee of the said Derges Bottling Company, by the name of William Henry Dozard. As a result of said collision claimant was thrown from the truck upon which he was working to the pavement of the said Cedar Street Bridge and received severe injuries from which he has not recovered and from which he has become wholly and completely incapacitated and unable to perform any labor or work for remuneration or profits.

All medical and surgical costs and charges incurred have been paid by respondent.

No jurisdictional questions are involved and there is no dispute as to the facts in this claim or the law applicable thereto. There is ample proof to sustain claimant's allegation that he is permanently incapacitated and respondent by the Attorney General admits that

"it is the opinion of the respondent in this claim that the claimant has sustained a permanent disability and that he is permanently disabled from carrying on his usual occupation. It is further the opinion of the respondent that claimant at the present time is totally disabled and is entitled to complete and total disability compensation under the Workmen's Compensation Act * * * and therefore recommends wholeheartedly the payment of complete and total disability compensation in this claim."

The admissions and recommendations of the Attorney General are wholly warranted and justified by the facts of this case and the testimony of eminent physicians and surgeons as to the injury.

We therefore find that the claimant at this time is totally disabled and is entitled to the benefits provided in the Workmen's Compensation Act for such cases. Claimant had one child under the age of 16 years at the time of the injury.

Employees in the same class of work as claimant work less than 200 days per year. His regular daily wage was $4.00. This when multiplied by 200, as required by Section 10 of the Workmen's Compensation Act would make his annual earnings $800.00. Divided by 52 his average weekly wage would be $15.38. One-half of this would be less than the minimum under Section 8(j) making this a minimum case. Under Section 8(j) the minimum for an employee with one child under 16 years of age is $11.00. Increasing this 10% makes the weekly compensation rate $12.10. Section 8(f) provides for payments of this amount per week until the amount of a death benefit has been reached and thereafter a pension of 8% annually of the death benefit payable in monthly installments. The amount of the death benefit, four times the annual earnings of $800.00 is $3,200.00. This is increased under Section 7(h) by $350.00 for one child under 16 to $3,550.00. Claimant was paid $331.19 for unproductive time which must now be deducted leaving a balance of $3,218.81 to be paid in weekly installments of $12.10 each. After this amount is fully paid claimant will be entitled to a pension of 8% of $3,550.00 or $284.00 per year payable at the rate of $23.67 per month.

An award is therefore entered in favor of claimant, Louis Eertmoed, in the sum of $3,218.81; payable $1,508.01 which has accrued and is payable forthwith, and the balance of $1,710.80 payable in weekly installments of $12.10 per week for 141 weeks beginning November 16, 1943, and a final payment of $4.70 and thereafter a pension during the lifetime of claimant of $23.67 per month.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."